UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PRESTON ROLACK JR.,**

    **Plaintiff,**

v.                                                                                        Case No.  8:07-CV-435-T-26EAJ

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____/

**FINAL ORDER**

Preston Rolack, Jr. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g) et seq., to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and Disability Insurance Benefits ("DIB") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne. B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 13).

applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standards. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision whether the proper legal standards were applied, the case must be remanded to the Commissioner for clarification. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed for a period of disability and DIB on April 28, 2003, claiming an onset of disability on April 12, 2003 due to sleep apnea, diabetes, hypertension and left knee pain. (T 66, 79, 81) Plaintiff's application was denied initially and on reconsideration. (T 39, 43) When it was discovered that Plaintiff earned $15,334.00 in 2003, he amended the alleged onset date to July 25, 2003. (T 54, 61, 315)   Plaintiff then requested a hearing before an administrative law judge ("ALJ"); the ALJ issued a decision finding that Plaintiff was not disabled. (T 12-25)  After the Appeals Council's January 19, 2007 denial of Plaintiff's request for review of that decision (T 3), Plaintiff filed the instant action (Dkt. 1). The Commissioner's decision is ripe for review under the Act because Plaintiff has exhausted all administrative remedies.

Plaintiff, forty-five (45) years old at the time of his administrative hearing, has a tenth grade education. (T 125, 314) He previously worked as a driver of forklifts, heavy trucks, dump trucks and tractor-trailors. (T 107, 108, 110-113) Plaintiff asserts that his impairments prevented him from working and he began receiving worker's compensation on July 25, 2003. (T 59, 61)

In a decision dated June 29, 2006, the ALJ found that Plaintiff has not engaged in substantial gainful activity since his alleged onset of disability of July 25, 2003. (T 13) The ALJ determined that although Plaintiff suffers from the severe impairments of diabetes, obesity, chronic back pain and left knee pain, these impairments, whether considered singly or in combination, do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (T 14)

Further, the ALJ found that the Plaintiff's allegations regarding the severity of his impairments and functional limitations were not fully persuasive. (T 17) The ALJ concluded that Plaintiff has the following residual functional capacity ("RFC") for reduced light work related to pushing, pulling, lifting, and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently.[3] (Id.) Further, the ALJ found that Plaintiff "has a frequent limitation for climbing and working at unprotected heights," and "an occasional limitation for bending, kneeling, squatting and prolonged standing but capable of performing routine, repetitive tasks in an environment that allows for a sit/stand option." (Id.)

---

[3] Light work, defined at 20 C.F.R. §§ 404.1567(b), 416.967(b), involves the lifting of not more than twenty pounds occasionally with frequent lifting and carrying of objects weighing up to ten pounds. The regulations further provide: "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

The ALJ relied on the testimony of a vocational expert ("VE") who answered hypothetical questions based on these limitations, and the ALJ concluded that Plaintiff's severe impairments prevent him from performing his past relevant work. (Id.) However, considering Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff is capable of making the vocational adjustment to such occupations as an electrical accessory assembly, injection mold tender, electronics worker and surveillance system monitor. (T 18) The ALJ further found that these types of jobs exist in significant numbers in the national economy. (Id.) Accordingly, the ALJ found that Plaintiff was not disabled at any time through the date of her decision and denied Plaintiff's claim.

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

**A.** Plaintiff alleges the Commissioner erred by failing to consider the combined effect of all of Plaintiff's severe impairments. Specifically, Plaintiff argues that the ALJ failed to consider whether Plaintiff's obesity negatively affected his other conditions (Dkt. 25 at 7).

Generally, an ALJ "must consider the combined effects of a claimant's impairments in determining whether [he] is disabled." Walker v. Bowen, 826 F.2d 996, 1001 (11th Cir. 1987) (citation omitted). When "a claimant has alleged a multitude of impairments, a claim for social security benefits may lie even though none of the impairments, considered individually, is disabling." Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir.1984). Furthermore, "it is the duty of the ... [ALJ] to make specific and well-articulated findings as to the effect of the combination of

impairments and to decide whether the combined impairments cause the claimant to be disabled." Id.; 20 C.F.R. § 416.923.

Plaintiff argues that the ALJ failed to consider whether Plaintiff's obesity negatively affected his other conditions (Dkt. 25 at 6-7). The Court disagrees. The ALJ's written opinion clearly evidences that he considered the combined effects of Plaintiff's impairments, stating:

> The medical evidence reflects that the claimant suffers diabetes, *obesity*; chronic back and left knee pain, hypertension and sleep apnea. Since these medically determinable impairments cause mor than minimal functional limitations, they are considered severe.

(T 14) (emphasis added). Furthermore, the ALJ found that "the claimant does not have an impairment or combination of impairments which meet the criteria of any of the listed impairments because none of the treating or examining physicians of record has reported any of the necessary clinical, laboratory, or radiographic findings specified therein." (Id.) This language has been held sufficient to discharge the Commissioner's obligation to consider impairments in combination. See Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986) (ALJ's finding that a claimant is not suffering from an impairment or a combination of impairments of sufficient severity to prevent substantial gainful activity for a period of at least twelve consecutive months is sufficient to signify that combined effect of impairments was properly considered). Thus, the Court finds that the ALJ sufficiently considered the combined effects of Plaintiff's impairments.

**B.** Plaintiff further contends that the Commissioner failed to adequately "develop and weigh the substantial evidence in this matter" (Dkt. 25 at 1). Plaintiff asserts that, although the ALJ mentioned Plaintiff's weight and Plaintiff's need to lose weight, the ALJ failed to evaluate the impact of Plaintiff's obesity (Dkt. 25 at 8-9).

As stated above, it is well established that courts review disability cases to determine whether the Secretary's decision is supported by such evidence. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir.1986). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir.1995).

The Court finds that the ALJ's decision is supported by substantial evidence. Based upon a review of Plaintiff's medical records, the ALJ held that Plaintiff's "major health related problem was his morbid obesity . . . [and] the only thing that was going to make a big difference in terms of his health was to lose weight and exercise." (T 15-16) In determining that Plaintiff's obesity was not a disabling impairment, the ALJ relied on the opinion of Anthony P. Goldman, M.D. ("Dr. Goldman"), a cardiologist who treated Plaintiff from August 2004 to August 2005. (Id.) In January 2005, Dr. Goldman stated that, although Plaintiff was morbidly obese and weighed over 350 pounds, Plaintiff was no longer complaining of chest pains, did not have "orthopnea or PND at night," and had "no dizziness, palpitations, syncope or near syncope to suggest arrhythmia." (T 200) According to Dr. Goldman, Plaintiff's "only current complaint is exertional shortness of breath which is probably on the basis of his obesity." (Id.) In addition, Dr. Goldman added that Plaintiff "clearly needs to exercise more and lose weight," which would "make a big difference in terms of his whole health status." (T 201)

On August 18, 2005, Plaintiff returned to Dr. Goldman's office to discuss the results of his stress test. (T 289) Dr. Goldman's records indicate that, despite Plaintiff's weight of more than 350 pounds, Plaintiff was able to exercise for five minutes for the stress test. (Id.) Plaintiff "achieved

a heart rate of 151, which is 85%, and this stress test was completely normal." (Id.) Again, Dr. Goldman reported that Plaintiff was not complaining of any chest pains but Plaintiff did have an exertional shortness of breath, some leg swelling and degenerative disease, which were probably due to his morbid obesity. (Id.) Dr. Goldman concluded that Plaintiff did not need any further cardiac follow-up at the time and Plaintiff's major health problem was his morbid obesity. (Id.) Once again, Dr. Goldman recommended that Plaintiff exercise and lose weight to improve his health condition. (Id.) Dr. Goldman did not conclude that Plaintiff's obesity prevented him from working.

The ALJ also considered the medical records of Plaintiff's physician, V. Diwadkar, M.D. ("Dr. Diwadkar"), who treated Plaintiff from 1999 to 2005. (T 14-16) In April 2003, Plaintiff advised Dr. Diwadkar that he "was thinking of going on disability" after losing his job because they "forced him to work harder." (T 255) Dr. Diwadkar treated Plaintiff for numerous complaints, including diabetes, abscess/infections in the neck area, back pain, sleep apnea and left knee pain.(T 238-288) Although Dr. Diwadkar treated Plaintiff for six years, there is no indication that Dr. Diwadkar believed Plaintiff was permanently disabled due to his impairments. (Id.)

Furthermore, the ALJ noted that Plaintiff's complaints were vague and often unsubstantiated. (T 17) For instance, when asked about his problem with his knee, Plaintiff pointed to his right knee but then responded, "I think it's the left knee." (T 325) The ALJ wrote that this was "a very ambiguous statement and does not lend much credence to his allegations." (T 17) In addition, although Plaintiff testified that his medications caused his feet to swell and made it difficult to walk, Plaintiff later stated that he "could walk 20 blocks or a mile." (T 326, 328) Likewise, when asked what would keep him from going back to his truck driving job, Plaintiff answered "Well, I don't know, nothing really but, you know, every time I fill out an application, you know, you list your

problem and people don't want to hire you." (T 328)   Based on the inconsistency in Plaintiff's testimony and medical history, the ALJ properly found that Plaintiff's complaints were not fully persuasive and gave them little weight.  (T 17)  Thus, the ALJ's decision denying Plaintiff benefits was supported by substantial evidence.

### III.

The ALJ's decision was supported by substantial evidence and proper legal principles. The decision of the Commissioner denying Plaintiff's application for a period of disability and DIB is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)  the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2)  the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE** and **ORDERED** in Tampa, Florida on April 29, 2008.

_____
ELIZABETH A JENKINS
United States Magistrate Judge